IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| MICHAEL PAUL McGRAIL | ) | Bankruptcy No. 06-25578-JAD |
| | ) | |
| Debtor, | ) | Chapter 13 |
| _____ | ) X | |
| | ) | |
| MICHAEL McGRAIL | ) | Doc. #112 |
| | ) | |
| Movant, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| ERICA'S AUTO MART f/t/d/b/a | ) | |
| ERICA'S AUTO SALES INC., | ) | |
| and ROBERT SOLOMAN, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | X | |

## **MEMORANDUM OPINION**

The matter before the Court is the Sanctions Motion for Violation of the Automatic Stay filed by the Debtor, Michael McGrail against Erica's Auto Mart f/t/d/b/a Erica's Auto Sales, Inc and Robert Soloman. Debtor asserts that Erica's Auto Mart ("Erica's") repossessed his vehicle in knowing violation of the automatic stay and seeks monetary sanctions as a result. Erica's and Soloman counter that the repossession was prior to the bankruptcy. In addition, they assert that Debtor's motion is barred due to *res judicata* because a prior motion for violation of the stay was dismissed for failure to prosecute pursuant to Federal

00003076.WPD

Rule of Civil Procedure 41(b). For the reasons expressed below, the Sanctions Motion for Violation of the Automatic Stay of the Debtor shall be denied.

### I.

The voluntary Chapter 13 petition was filed by the Debtor on November 5, 2006. At the time of filing, Mr. McGrail owed Respondent Erica's a secured debt for the purchase of a 1997 Dodge Dakota truck. Sometime in November 2006, the truck was repossessed by Erica's. The actual date of repossession is the subject of dispute. It is contended by the Debtor that the repossession took place post-petition on November 12, 2006. Erica's asserts that the repossession was ten days prior to the bankruptcy filing.

After the filing, on November 30, 2006, Mr. McGrail's then attorney filed a Motion for Contempt and Order of Return of Repossessed Vehicle. (Doc. #16.) The motion sought the return of the vehicle, a finding of contempt for violation of the automatic stay and attorneys fees. A hearing was scheduled on the Motion for Contempt for January 3, 2007 at 10:00 AM. (Doc. #19). Counsel for the Debtor failed to appear at the January 3rd hearing. (Doc. #23). Accordingly, the judge then presiding over this bankruptcy, Judge Agresti, entered an Order dated January 3, 2006 [sic] dismissing the motion for failure of the Debtor to appear and prosecute. (Doc. #24). The Order did not indicate whether dismissal was with or without prejudice. No reconsideration of the January 3rd Order was sought. No

appeal of the January 3rd order was filed.

In May of 2007, counsel for Mr. McGrail was terminated by court order after a Rule to Show Cause hearing regarding the failure of counsel to attend hearings. (Doc. #36). In approximately July 2007, Mr. McGrail filed a letter indicating employment of a new attorney, David A. Colecchia. (Doc. #40). On August 18, 2007, Attorney Colecchia filed an Expedited Motion for Substitution of Counsel which was granted by Order dated August 21, 2007. (Doc. ## 61, 69). On November 11, 2008, approximately fifteen months after the entry of appearance by Attorney Colecchia, the subject Sanctions Motion was filed.

## II.

In the instant Sanctions Motion for Violation of the Automatic Stay ("Sanctions Motion"), Mr. McGrail asserts that Erica's and Mr. Soloman had notice of Mr. McGrail's bankruptcy as a result of Erica's being listed as a creditor and through conversation with prior counsel. Despite this knowledge and without relief from stay, the vehicle was repossessed. In addition, it is asserted that the repossession was without right since Debtor was current in his payment. (Doc. #112, ¶8). Mr. McGrail asserts that as a result of this repossession he lost specific sums invested in improvements to the vehicle totaling $3,650.00. Debtor seeks to recover those sums along with attorneys fees.

In their response, Erica's and Mr. Soloman deny: that the vehicle was

repossessed after the bankruptcy, that they knew that Debtor had filed the bankruptcy, and that Debtor was current in his payments. (Doc. #116, ¶¶6-9.) They further defend the motion by arguing that this same matter was previously filed and dismissed. Accordingly, they argue that pursuant to Fed. R. Civ. P. 41(b) the dismissal order of January 3rd operates as an adjudication on the merits and the doctrine of res judicata is applicable and bars the relief requested.

### III.

At the hearing on the Sanctions Motion, counsel were provided the opportunity to file briefs regarding the applicability of Fed. R. Civ. P. 41(b). The brief filed by Mr. McGrail acknowledges that the January 3rd order was entered upon the merits pursuant to Fed. R. Civ. P. 41(b). However, he contends that due process was not received since it was not known whether the bankruptcy court, in its dismissal, considered the requisite factors set forth in Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863 (3d Cir. 1984).[1] At the present stage of the

---

[1] In Poulis, the United States Court of Appeals for the Third Circuit indicated that in determining whether the trial court abused its discretion in dismissal, it would be guided by a set of six factors to be balanced by the trial court when considering dismissal:

> (1) the extent of the *party's* personal *responsibility*; (2) the *prejudice* to the adversary caused by the failure to meet scheduling order and respond to discovery; (3) a *history* of dilatoriness; (4) whether the conduct of the party or the attorney was *willful* or in *bad faith*; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of *alternative* sanctions and (6) the *meritoriousness* of the claim or defense.

Id. at 868.

proceedings, however, whether Judge Agresti considered the Poulis factors upon dismissing the motion is not relevant.

In Color-Plus Leather Restoration System, L.L.C. v. Vincie, et. al., 198 Fed. Appx. 165, 2006 WL2806892 (3d Cir., Oct. 3, 2006) Plaintiff appealed the denial of a motion seeking relief under Fed. R. Civ. P. 60(b). Prior to the filing of the 60(b) motion, Plaintiff had filed a complaint which was dismissed *sua sponte* for failure to prosecute. In its appeal to the United States Court of Appeal for the Third Circuit, Plaintiff argued that the district court failed to address the Poulis factors when it dismissed its complaint. The Court of Appeals for the Third Circuit stated that "[i]n the absence of an appeal, the Poulis factors have no bearing on the effect of the *sua sponte* dismissal...[Plaintiff] waived its ability to challenge the dismissal of the first complaint when it failed to appeal such motion in a timely manner." Id. at *2.

Like the Plaintiff in Color-Plus, Mr. McGrail is attempting to argue the merits of the original dismissal order. Because no appeal was taken by Mr. McGrail, whether the Poulis factors were considered upon the entry of the January 3rd dismissal order is not a consideration in the present matter.

Fed. R. Civ. P. Rule 41(b), made applicable by Fed. R. Bankr. P. 7041, provides that:

> **(b) Involuntary Dismissal; Effect.** If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not

under this rule - except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 - operates as an adjudication on the merits.

The language of the rule makes clear that where a dismissal order entered as a result of failure of the movant or plaintiff to prosecute or comply with the rules or a court order does not state otherwise, the dismissal operates as an adjudication on the merits unless certain exceptions, not relevant here, exist. Involuntary dismissal can be entered upon request of a defendant or by the court, *sua sponte*. See e.g., Jackson v. U.S. Bankruptcy Court, C.A. 07-1288, 2009 WL 602984 (W.D. Pa., Mar. 9, 2009); Link v. Wabash R.R. Co., 370 U.S. 626, 631-631, 82 S.Ct. 1386 (1962). Absent specification of whether a dismissal is with or without prejudice, Rule 41(b) dictates that the dismissal is an adjudication on the merits. Judge Agresti's Order dated January 3, 2006 dismissed the matter for failure to prosecute without stating whether the dismissal was with or without prejudice. Thus, the dismissal is treated as being with prejudice.

An adjudication on the merits is one of the prongs necessary for the doctrine of *res judicata* to be applicable. In addition to a final judgment on the merits in a prior suit, two other prongs must be met: the same parties or their privies must be involved and the subsequent suit must be based on the same cause of action. Post v. Hartford Ins. Co., 501 F.3d 154, 169 (3d Cir. 2007) quoting Lubrizon Corp.v. Exxon Corp., 929 F.2d 960, 963 (3d Cir. 1991).

The instant motion differs from the prior motion in that Robert Soloman was

named as an additional respondent. Mr. Soloman is the alleged owner of Erica's. (Doc. #112, ¶4). The Respondents did not deny the role of Mr. Soloman as owner. (Doc. # 116, ¶4). As such, Mr. Soloman would be a "privy" of Erica's. See e.g., Towle v. Boeing Airplane Co., 364 F.2d 590 (8th Cir. 1966)(Appellants who were controlling stockholders, directors and officers of corporation were in privity with trustee in dissolution of corporation); Falbaum v. Pomerantz, 19 Fed.Appx. 10, 2001 WL 1019619, *3 (2d Cir., Sept. 6, 2001)(Top officers and members of Board of Directors of The Leslie Fay, Companies, Inc. in privity with corporation where individuals acted as agents of corporation); See also BLACK'S LAW DICTIONARY, 8th ed. 2004)(In the context of litigation, privy includes someone who controls a lawsuit or whose interest are represented by a party to the lawsuit.) Accordingly, the additional respondent in the present Sanctions Motion does not preclude the applicability of res judicata.

In determining whether the cause of action is the same, the Third Circuit has recognized that the 'cause of action' cannot be precisely defined. Lubrizon Corp. v. Exxon Corp., 929 F.2d 960, 963 (3d Cir. 1991); Loving v. Pirelli Cable Corp., 11 F.Supp. 2d 480 (D. Del. 1998). The court is to consider "whether the acts complained of were the same, whether the material facts alleged in each suit were the same, and whether the witnesses and documentation required to prove such allegations were the same." Lubrizol, 929 F.2d at 963 quoting United States v. Athlone Indus., Inc., 746 F.2d 977, 984 (3d Cir. 1984). A differing theory of

recovery is not dispositive of the issue. Id.

The matter initially brought by Mr. McGrail sought a finding of contempt and recovery of attorney fees. Although not captioned as a motion for violation of stay, the basis of the motion was the alleged stay violation. The violation then complained of involved the repossession of Mr. McGrail's vehicle by Erica's. The initial motion for contempt also complained that Erica's had repossessed the vehicle despite actual knowledge of the bankruptcy filing.

The present motion also has as its basis the alleged stay violation as a result of the repossession of the vehicle by Erica's. The motion also alleges that the repossession took place despite knowledge by Erica's of the bankruptcy. Thus, the motions both complain of the same act, i.e. the repossession of the vehicle. Both motions are premised on the same set of facts. If evidence were to be adduced, the witnesses and documentation required regarding the repossession would be the same. While the proof concerning the damages sought in the present motion, i.e. the improvements made to the vehicle prior to repossession, differ from the prior motion, the mere difference in the theory of damages is not determinative.

## IV.

In his brief, Mr. McGrail raises a number of issues that were not set forth in the Sanctions Motion. First, Mr. McGrail attempts to argue that good cause

exists to allow relief from the order pursuant to Fed. R. Bankr. P. 9024. Fed. R. Bankr. P. 9024 makes Rule 60 of the Federal Rules of Civil Procedure applicable to cases under the Bankruptcy Code.

Mr. McGrail contends in his brief that the vehicle remains titled in his name despite the fact that he does not have possession. As one of his grounds for Rule 60 relief, Mr. McGrail argues that he will suffer prejudice if his name is not removed from the title of the vehicle. He claims that if he were to be in an automobile accident he would be deemed, under Pennsylvania law 75 Pa. C.S.A §1705(a)(5), to have selected the limited tort option and be limited to non-economic damages. Citing to 75 Pa. C.S.A. §1786(d), he claims further prejudice may result in the form of potential license suspension since he does not maintain insurance on the vehicle - yet it remains titled in his name.

As a second ground for Rule 60(b) relief, Mr. McGrail raises issues concerning alleged violations by Erica's regarding certain title, registration and licensing statutes. Again, no allegations concerning these alleged statutory violations were made in the Sanctions Motion. At the hearing on the Sanctions Motion, counsel for Erica's and Mr. Soloman stated that the vehicle had been "junked". Mr. McGrail contends that if the vehicle was, in fact, "junked", then Erica's would be required to either notify the Pennsylvania Department of Transportation that the vehicle had been "junked" or request a certificate of salvage.

Despite Mr. McGrail's arguments in his brief, no motion to request relief pursuant to Fed. R. Bankr. P. 9024 from the January 3rd dismissal order, has ever been filed. Nor was such a request included in the Sanctions Motion. None of the matters concerning motor vehicle statutory obligations and compliance were raised in the Sanctions Motion. In his prayer for relief, Mr. McGrail sought to have Erica's and Mr. Soloman held in contempt for violation of the stay for the repossession of the vehicle and sought specific monetary damages. The Debtor did not seek to vacate the prior judgment or any other request for relief. Mr. McGrail cannot seek to enlarge his Sanctions Motion into something more by way of adding additional allegations and causes of action in his Brief in Support of his Sanctions Motion. (See Fed. R. Bankr. P. 7007(b) stating that a request for court order must be made by motion.)

Even if Mr. McGrail had timely filed a motion for relief pursuant to Rule 60(b) based on the above, the court would find that the grounds for granting such a motion had not been met. Relief under Rule 60(b) is within the discretion of the trial court. Pierce Assoc. v. Nemours Foundation, 865 F.2d 530 (3d Cir. 1988).

Mr. McGrail filed his Sanctions Motion approximately fifteen months after the original order was entered. A motion based on Fed. R. Civ. P. 60(b)(6) must be filed within a "reasonable time".[2] What constitutes a reasonable time depends

---

[2] A motion based on Rule 60, subsections (b)(1),(2) or (3) must be filed within one year after entry of the judgment or order. Thus, relief based on these subsections would not be available. The only relevant section available for relief would be subsection (b)(6), "any other reason that justifies relief".

on the circumstances of each case. Delzona Corp. v. Sacks, 265 F.2d 157 (3d Cir. 1959). The Court does not find that fifteen months after judgment was reasonable, even in light of the fact that substitution of counsel was required. Mr. McGrail had not had possession of the vehicle since November 2006 and the Sanctions Motion was not filed until November 2008.

Relief under 60(b)(6) is available only in cases evidencing extraordinary circumstances. Ackermann v. U.S., 340 U.S. 193, 71 S.Ct. 209 (1950). A Rule 60(b)(6) motion may not be used as a "catch-all to avoid the one-year limitation." Droz v. Tennis, C.A. No. 08-2441, 2008 WL 5501147 (E.D. Pa., Nov. 25, 2008) quoting Gambocz v. Ellmyer, 438 F.2d 915, 917 (3d Cir. 1971). Legal error does not warrant relief pursuant to Rule 60(b)(6) since legal error can be addressed on appeal. Martinez-McBean v. Gov't of the Virgin Islands, 562 F.2d 908, 911 (3d Cir. 1977). The circumstances present in this case would not rise to the level of what this Court would consider extraordinary.

Moreover, and perhaps most importantly, relief under Rule 60(b) is not proper if the aggrieved party could have reasonably sought the same relief by way of appeal. Id.

### V.

Despite the above, Mr. McGrail is not completely without remedy. He is free to pursue these matters directly with the Department of Transportation to seek

removal of his name from the title or other remedies that may be available to him.

Nor does the denial of the Sanctions Motions provide Erica's and Mr. Soloman with a free pass. Erica's and Mr. Soloman are reminded of their obligations to comply fully and completely with all statutory requirements of the Vehicle Code concerning licensing, registration and titles, 75 Pa. C.S.A.§1101 *et. seq.*, the Motor Vehicle Sales Financing Act, 69 P.S. §601, *et seq.*, as well as any other relevant statutory provisions.

### VI.

For the reasons expressed above, the Sanctions Motion filed by Mr. McGrail against Erica's Auto Mart and Robert Soloman shall be denied. A separate order shall be entered.

April 8, 2009

_____
Jeffery A. Deller
U.S. Bankruptcy Judge

cc:  David A. Colecchia, Esq.
     Ronald L. Chicka, Esq.

**FILED**

APR 8 2009

CLERK, U.S. BANKRUPTCY COURT
WEST. DIST. OF PENNSYLVANIA

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| MICHAEL PAUL McGRAIL | ) | Bankruptcy No. 06-25578-JAD |
| | ) | |
| Debtor, | ) | Chapter 13 |
| _____ | X | |
| | ) | |
| MICHAEL McGRAIL | ) | Doc. #112 |
| | ) | |
| Movant, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| ERICA'S AUTO MART f/t/d/b/a | ) | |
| ERICA'S AUTO SALES INC., | ) | |
| and ROBERT SOLOMAN, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | X | |

## ORDER OF COURT

**AND NOW**, this ___8th___ day of **April, 2009**, for the reasons expressed in the Memorandum Opinion entered simultaneously with this Order, the Sanctions Motion for Violation of Automatic Stay filed by Debtor/Movant Michael McGrail is hereby **DENIED**.

Jeffery A. Deller
U.S. Bankruptcy Judge

cc:  David A. Colecchia, Esq.
Ronald L. Chicka, Esq.

FILED

APR -8 2009

CLERK, U.S. BANKRUPTCY COURT
WEST. DIST. OF PENNSYLVANIA

00003076.WPD